UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
                        :

ALTON DAVIS,
            Petitioner,          :     **ORDER DENYING 28 U.S.C. §**
                       :     **2255 MOTION**
   -against-                :
                       :     06 Cr. 911 (AKH)
UNITED STATES OF AMERICA      :     14 Civ. 186 (AKH)
                       :
          Respondent.       :

------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

      Between mid-2002 and 2003, *pro se* petitioner Alton Davis conspired with others to commit a series of armed robberies, targeting suspected narcotics traffickers for their money and drug supplies. Petitioner shot and killed two people – one robbery target and one robbery target's wife – during two of the robberies. He was convicted after an eight-day trial, at which approximately 40 witnesses testified on behalf of the government.[1] The Second Circuit affirmed his conviction in two opinions. *See United States v. Davis*, 689 F.3d 179 (2d Cir. 2012); *United States v. Davis*, 491 F. App'x 219 (2d Cir. Aug. 8, 2012).

      Petitioner timely moves to set aside his conviction under 28 U.S.C. § 2255, asserting 1) new evidence claims surrounding the grand jury proceedings and indictment and 2) ineffective assistance of counsel claims at the pretrial, trial, and appellate stages of his underlying criminal case.[2] No ground has merit; the petition is denied.

---

[1] On August 20, 2010, Judge William H. Pauley III sentenced petitioner principally to life imprisonment followed by a lifetime of supervised release. The case was subsequently transferred to me.

[2] Consideration of the petition was stayed pending the Supreme Court's decision in *United States v. Taylor*, 596 U.S. 845 (2022). *Taylor* required that I vacate four counts of his conviction (Counts Four through Seven). On April 11, 2024, I resentenced petitioner on the remaining counts to sixty years of imprisonment followed by a lifetime of supervised release.

## LEGAL STANDARD

Under 28 U.S.C. § 2255(a), a prisoner "may move the court which imposed the sentence to vacate, set aside or correct the sentence" if the sentence was "imposed in violation of the Constitution or laws of the United States." Relief under § 2255 is available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in [a] complete miscarriage of justice." *Graziano v. United States*, 83 F.3d 587, 590 (2d Cir. 1996).

## DISCUSSION

### I.   "Newly discovered evidence" claims

First, petitioner contends that newly discovered evidence revealed that the prosecution misled the grand jury by charging a conspiracy to distribute 1000 kilograms of marijuana without having any evidence of marijuana. However, any alleged deficiencies did not prejudice petitioner, as the trial jury's guilty verdict "necessarily renders any irregularities before the grand jury harmless." *Barnard v. Burbary*, 452 F. Supp. 2d 178, 185 (W.D.N.Y. 2006); *Lopez v. Riley*, 865 F.2d 30, 32 (2d Cir. 1989) (habeas petitioner's "claims of impropriety before the grand jury . . . concern[ing] the sufficiency of the evidence" were "cured in the trial before the petit jury, which convicted").

Second, petitioner argues that newly discovery evidence shows that the proofs at trial showed a complete robbery, despite the Superseding Indictment charging an attempted robbery, and that this variance constitutes an impermissible constructive amendment of the indictment. A constructive amendment claim is established where the trial evidence or the jury instructions "so altered an essential element of the charge that, upon review, it is uncertain whether the defendant was convicted of conduct that was the subject of the grand jury's indictment." *United States v. Rigas*, 490 F.3d 208, 228 (2d Cir. 2007). The charges in the

2

Superseding Indictment and the evidence at trial turned on the same time, place, and nature of

the robberies, thereby putting petitioner on sufficient notice of the "core of criminality" against

which he had to defend. *Id.* at 228 & n.7; *United States v. Dupre*, 462 F.3d 131, 140 (2d Cir.

2006) (variance is constitutionally impermissible only if the indictment fails to "inform an

accused of the charges against him so that he may prepare his defense and avoid double

jeopardy.").

Third, petitioner argues that defense counsel withheld evidence from him that

would have "refuted the government's theory" on one of the robberies and "disclose[d] the

perception they had of this case." However, he fails to articulate the nature of the evidence or

provide a basis for his assertions. Both lawyers representing him at trial affirm that no files were

withheld from petitioner's review, Carvlin Aff. ¶ 6, Haber Aff. ¶ 6, and the record leaves no

doubt that petitioner's trial lawyers were otherwise competent and professional advocates in his

defense.

## II.   Ineffective assistance of counsel claims

Petitioner asserts that his Sixth Amendment right to counsel was violated through

a variety of ineffective assistance of counsel claims at the pretrial, trial, and appellate stages of

his defense. Ineffective assistance of counsel claims at any stage in a criminal case requires a

showing of two elements for habeas relief: 1) that counsel fell below "an objective standard of

reasonableness" based on "prevailing professional norms," and 2) this conduct prejudiced the

defendant. *Strickland v. Washington*, 466 U.S. 668, 687–88, 693–94 (1984). In evaluating

whether petitioner has met prong one of the test, I "indulge a strong presumption that counsel's

conduct falls within the wide range of reasonable professional assistance." *Harrington v. United

States*, 689 F.3d 124, 129 (2d Cir. 2020) (quoting *Strickland*, 466 U.S. at 689). "Strategic

choices made after thorough investigation of law and facts relevant to plausible options are

3

virtually unchallengeable." *Strickland*, 466 U.S. at 690. Petitioner has failed to prove by a preponderance of the evidence that the assistance he received from his counsel during each stage of his underlying criminal case was ineffective.

### 1.   Pretrial counsel claims

Petitioner's pretrial ineffective assistance of counsel claims challenge his counsel's 1) failure to call certain witnesses, 2) failure to file motions requested by petitioner, 3) failure to interview certain federal prisoners at MDC whom petitioner thought had knowledge of the underlying events of his case, and 4) assumption of petitioner's guilt prior to trial.

Petitioner attached as an exhibit to his petition his proposed list of lay and expert witnesses, and argues that his counsel was constitutionally deficient for failing to call each of them at trial on his behalf. Ex. D, F. However, "[a] failure to call a witness for tactical reasons of trial strategy does not satisfy the standard for ineffective assistance of counsel." *United States v. Luciano*, 158 F.3d 655, 660 (2d Cir. 1998). Counsels' decision not to call expert witnesses because they agreed with the government's conclusions, and would thereby undermine the defense, is classic trial strategy. Carvlin Aff. ¶¶ 20, 21, 23 (noting that the court-authorized defense experts agreed with the government's conclusions and conducted tests yielded results that failed to undermine government's test results); *Hinton v. Alabama*, 571 U.S. 263, 274–75 (2014) ("selection of an expert witness is a paradigmatic example of the strategic choice that . . . is virtually unchallengeable.") (internal quotations omitted). Likewise, counsels' affidavits show that their decisions regarding lay witnesses were informed by a thorough review of petitioner's case and demonstrate sound professional judgment. Carvlin Aff. ¶¶ 20–32 (one witness on petitioner's list was not called because her medications "seriously impaired her memory" and another witness would "create additional hostility toward Mr. Davis").

Petitioner also lists numerous motions that he alleges his counsel failed to file on his behalf. "Counsel's election to forgo an unsupported argument" is clear trial strategy that survives the *Strickland* standard. *United States v. Best*, 219 F.3d 192, 201 (2d Cir. 2000). Carvlin's affidavit shows that each decision related to the motions filed, or not filed, was made after a careful consideration of the case specifics and in the best interest of petitioner's defense. *See, e.g.*, Carvlin Aff. ¶ 15 (no legal basis to file a motion to suppress photo identification evidence, as counsel determined the array was not unduly suggestive).

Petitioner claims that his counsel refused to meet with MDC prisoners regarding his case, but does not provide sufficient specifics to determine the relevance of the potential testimony or whether counsel was constitutionally deficient in relation to these potential witnesses. Further, one of petitioner's lawyers affirmed that he met with an MDC prisoner at petitioner's suggestion, but that prisoner refused to testify and that his testimony would have been irrelevant to the trial. Haber Aff. ¶ 6.

Petitioner also claims that his defense counsel was constitutionally defective because they assumed his guilt. The only example petitioner cites is his pretrial death-penalty submission, in which counsel included a footnote stating, "For the purposes of this submission only, we have proceeded on the assumption that [Davis] will be convicted." Petition, Ex. G. Counsel disclaimed the scope of this assumption with citations to Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410, and the decision to do so was proper, as petitioner succeeded in avoiding the death penalty.

### 2.   Trial and appellate counsel claims

Petitioner next seeks habeas relief for his trial counsel's decisions regarding the cross-examination of government witnesses and co-conspirators Derrilyn Needham and Ronald Knibbs, and Special Agent Jason Zamaloff. Counsel's decisions as to whether to cross-examine

a government witness, and the scope of cross-examination, are inherently "strategic in nature and generally will not support an ineffective assistance of counsel claim." *Dunham v. Travis*, 313 F.3d 724, 732 (2d Cir. 2002); *Felder v. United States*, 20cv7531 (VEC), 2021 WL 3537164, at *3 (S.D.N.Y. Aug. 10, 2021). Defense counsel's cross-examination of Needham was adequate; it lasted several hours, impeached her as a government cooperator, and challenged her first-hand knowledge of the robberies. Likewise, defense counsel's decisions to forgo certain questions on Knibbs's cross-examination that were inconsistent with, or irrelevant to, their theory of the case is reasonable trial strategy. Haber ¶ 7(f), (g). Finally, Petitioner provides no articulable basis for questioning counsel's cross-examination of Special Agent Zamaloff.

Petitioner also challenges his counsel's strategic decisions regarding the introduction of fiber evidence that implicated petitioner, and the government's failure to preserve certain DNA evidence. Counsel, in attempts to contest and undermine these forms of evidence, filed motions to exclude the testimony of the government's experts pursuant to *United States v. Daubert*, 509 U.S. 579 (1993), and cross-examined each expert witness on these issues at the *Daubert* hearing. The steps counsel took to challenge this evidence were reasonable, and as the Second Circuit noted on direct appeal, I "cannot conclude that Davis was substantially prejudiced by admission of the DNA evidence." *Davis*, 491 F. App'x at 223.

The remaining grounds in the petition – counsel's failure to effectively challenge the jurisdictional nexus, the sufficiency of the evidence on his drug conspiracy charge, and venue– are legal claims that were properly raised and resolved through post-trial motions and on direct appeal. *United States v. Davis*, 689 F.3d 179 (2d Cir. 2012); *United States v. Davis*, 491 F. App'x 219 (2d Cir. Aug. 8, 2012). Petitioner now seeks to relitigate these same issues by way of claims of ineffective assistance of counsel, but the attorney affidavits and trial and appellate

records show that counsel argued effectively.  Furthermore, these issues were raised and decided by the Court of Appeals.

Overall, as the Second Circuit concluded, the evidence against petitioner "overwhelmingly supports the jury's guilty verdict." *Davis*, 491 F. App'x at 223.  There is no reason to believe that alternative lawyering strategies would have altered this outcome. *Strickland*, 466 U.S. at 697; *United States v. Simmons*, 923 F.2d 934, 956 (2d Cir. 1991).

## CONCLUSION

For the above reasons, the petition for relief pursuant to § 2255 is denied. Because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," no fact hearing is necessary.  28 U.S.C. § 2255(b).  I decline to issue a Certificate of Appealability because petitioner has "not made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and because petitioner has failed to identify a claim that jurists of reason would find debatable as to whether petitioner was denied such a right. *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000).  The Clerk is instructed to terminate the open motions at ECF No. 239 in 6cr911, and ECF No. 1 in 14cv186, and enter judgment dismissing the case in 14cv186.

SO ORDERED.

Dated:      June 10, 2024
            New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

7